May I please the court, David Gauntlett for the appellant. The first thing to note about this case is that exclusion I for intellectual property is asserted to bar a defense because of paragraph 2, not 1. Further that even if you adopt the district court's view that the IP exclusion bars coverage for any suit that contains one of its allegations for violation or infringement of intellectual property, there are no asserted claims for infringement or a violation in the lawsuit. And that's no, you can see counsel, though, that there are allegations. I know you believe that a claim is required, but you can see that there are allegations of trademark violations in the complaint, right? In the unfairness, the seventh cause of action has numerous paragraphs that talk about violating the trademark, right? The use of the term violation in that context is different than the use of the term violation in the policy because violation doesn't mean a violation of IP law. In other words, what you have going on here is that the NL plaintiffs could not make a claim of infringement of the purchased IP rights because as a licensee, Lepore could not be sued for infringement of its own IP rights. And while the claimants assert some breaches of the agreement, the question is whether the underlying complaint alleges a violation of any intellectual property right or trademark right. Correct. That is an issue. That's the alternative basis in addition to infringement. Does the underlying complaint so allege? No. What it alleges is violations of the licensing agreement. About paragraph 193 says defendants have repeatedly used, displayed and otherwise exploited the purchased IP and in particular the Nanette Lepore trademark owned entirely by NL Brand Holdings without authorization from NL Brand Holdings in order to further their own competing business interests. Isn't that clearly alleging that they're improperly using the trademark? Improper use is not a violation as that term must be understood in the language of the NL Brand Holdings section of paragraph 793, asterisk 20. The term arising out of should be interpreted as narrowly as possible in an insurance exclusion because of ambiguities in an insurance contract should be resolved in favor of the insurance. If you improperly use a trademark without authorization, that's not a violation. No, not if you look at the case law discussing the use of the term violation that is referenced in our reply brief ad nauseum. Those terms, what violation means in two to avoid redundancy in one is misappropriation of trade secrets. That's the only term of art in IP law where you can recover liability claims based on conduct that does not constitute an infringement. And the use of the term violation should not be given a layperson meeting. It should be given a meeting that is instructed and informed by intellectual property law because it's a term of art as used in that context. Were you to find otherwise, you would have one become utterly superfluous. The only thing that doesn't render two such that it wouldn't render one superfluous is to note the provision talks about the fact that you have another party who is not the terms, such as a co-defendant. That's not in one that gives you a right of action against that other entity that expands the scope of the exclusion and doesn't render one superfluous. If you say that violation means any conduct that's wrongful, then you have no meaning or purpose for one that is necessary for its creation. And you can't find the two is so broad that it renders it redundant. Well, let's assume we disagree with you. We think there's an allegation of a violation of intellectual property, right? You are trying to read in an additional phrase into that second subsection, which is it has to be a claim for an infringement or violation of an intellectual property. No, I'm just, I'd say it has to be an allegation for violation or infringement. I'm saying if we disagree with you, if we think that these are allegations of violation of intellectual property, right, then it doesn't have to be a separate claim. We're not saying, I'm not saying it has to be a separate claim. I'm saying it has to be an allegation that creates liability for infringement or violation. In your papers, you were distinguishing all these other cases saying, well, there was a claim, there was a separate claim in those cases for trademark infringement. We're different. So I thought you were arguing that there has to be a claim, but you're saying to me today, that's not your argument. I'm saying that the use of the term claim is not the limitation. It can be more broadly defined to include fact allegations of evidence infringement or violation. But the evidence of infringement or violation has to create an actual cause claim for relief, ultimately. It doesn't have to be a claim as stated specifically. The other problem with that exclusion is it doesn't explain, there's some ambiguity in it, because it doesn't explain that there's a diminution in coverage affected if that construction is adopted, because it would mean that there is no possible way that you can get a defense of the entire lawsuit, even though there's a defense of some claims. And there's nothing about paragraph two that alerts and ensures that the diminution in coverage is affected to eviscerate the subtle rule of law in New York, that they're entitled to defense of an entire lawsuit where one claim is in fact defended. And the absence of notice of the diminution in coverage is the kind of problem that all State v. FIBIS at 855-F-2nd-660 observed as problematic. I think I'm out of time, Your Honor. Thank you. We'll hear from the other side. Good morning, Your Honors. May it please the Court. I'm Jonathan Fryman for Appley Hartford Fire. I want to get right to the core of the intellectual property exclusion, which is an exclusion that has been upheld as valid and clear by courts nationwide. The question here is really a specific one as to whether the underlying complaint alleges intellectual property violations. And I want to lead off with Judge Bianco, what you pointed to a moment ago, which is the seventh cause of action in the joint appendix at page 792. This is a common law trademark claim. Of course, common law trademark is part of the broader law of unfair competition. And if you look at the very first paragraph of this, other than the we re-allege and incorporate everything, 192, N.L. Brown Holdings is the holder of all right, title, and interest in and to the purchased IP, including the licensed marks. That's what this is all about, the licensed marks. It's about the trademarks. And it just keeps going on from there. Really, every paragraph, defendants have repeatedly used, displayed, and otherwise exploited the purchased IP, and in particular, the Annette Lepore trademarks owned by N.L. Brown Holdings, without authorization from N.L. Brown Holdings. Next paragraph, it's outside of the scope of use permitted. Next paragraph, alleges bad faith, fraud. Next paragraph, 196, sounds just like a Lanham Act claim. Defendants have caused confusion with, or have been mistaken for, the plaintiff's activities in the mind of the public. These are the exact elements of trademark infringement. You have a protected mark, you have unauthorized use, you have public confusion. That's what the allegations are. I don't know why the underlying plaintiffs didn't also bring a federal claim under the Lanham Act, but they didn't have to. They brought a state law claim. Maybe they didn't want to create federal question jurisdiction. They wanted to stay in state court. So it's a state law trademark claim. And, uh, that's really the end of it. Um, but even if it weren't a state law trademark claim, as your honor noted, the question under New York law, according to the New York court of appeals is not what's the name of our cause of action, it's what are the factual averments? What have we alleged? And what's alleged here is the substance that matters, not the labels. What's alleged here are trademark violations. The complaint is suffused with them. It's rife with it as the district court noted. And it's really frankly hard to find a page in the complaint that doesn't involve claims of trademark violation or infringement of intellectual property violations. So under the second paragraph of the IP exclusion, that means that this is not a covered claim in any way, shape, or form the court doesn't need to address the remaining arguments in the case. If there are no questions, I'll rest. Thank you. Scott, let me have some time for rebuttal. The perception that there was an infringement claim is, is completely inaccurate and the fact allegation focus of the court's question shows that that's not an appropriate inquiry. The bottom line is they didn't seek rescission of this agreement because they wanted to hold on to their IP rights. If they wanted to sue for infringement or violation, assuming violation means some kind of IP cause of action, they could have, they didn't because that was inconsistent with the license rights they sought to maintain and to construe violation that broadly would mean again, to render one superfluous and to find that the fact allegations that carefully avoided asserting any IP causes of action is not meaningful in this particular context, the affiliated hospital products case from the second circuit evidences what the kind of relationship is and the limits of what was at issue here that governs why this K claim, which is in this case, a mirror on fair competition claim as equivalent to one for assertion of an intellectual property, light, right violation, and you've got to bear in mind that the focus in offense-based coverage is not injury or damages, but it's whether the elements of the offense were implicated. Those offense elements here are the disparagement and defamation claims, and they have nothing to do with any of the asserted acts and violations that are alleged here because they provide coverage of a character that has nothing to do with anything related to the misappropriation activities.